## HANS HEMS

### *v.*

## ADOLPH ARNOLD *et al.*

*Opinion filed December 20, 1900—Rehearing denied February 8, 1901.*

INSOLVENCY—*when dividend should be credited pro rata upon judgment against former partners.* If a bank depositor recovers a judgment against former parters of an insolvent banking firm for the full amount for which such former partners were liable, and also has his full demand allowed against the assignee, a dividend of a certain per cent upon the full amount of his claim, paid by the assignee, should be credited *pro rata* upon the judgment against the former partners.

*Arnold* v. *Hems*, 89 Ill. App. 313, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

The appellees, and Arthur J. Howe and Gustavus A. Bodenschatz, on and for some three years prior to November 4, 1895, as partners, conducted a banking business in the city of Chicago under the name and style of "The Haymarket Produce Bank." On said date appellees sold and conveyed their interest in the business to said Howe and Bodenschatz, who continued the business without change in the name thereof, and assumed to answer all the obligations of the original firm. On August 24, 1896, Howe and Bodenschatz, as proprietors of the said Haymarket Produce Bank, made an assignment. Appellant was a depositor in the bank when the appellees were con-

nected therewith .and continued his account there after-
wards. His claim in the amount of $770.50 was allowed
against the assignee of the said insolvents, and in an
action of assumpsit which he instituted against the ap-
pellees in the circuit court of Cook county he recovered a
judgment in the sum of $516.85 against them, being that
portion of his total claim of $770.50, allowed against the
assignee of the said insolvents, for which the appellees
were adjudged liable to respond to him. The assignee
of the insolvents, Howe and Bodenschatz, declared a divi-
dend of twenty per cent, and paid the same to appellant
on the total amount of his claim of $770.50. Appellees
entered their motion in the circuit court of Cook county
to require the appellant to enter a credit on the judg-
ment standing in his favor against them in the amount
of the proper proportion of the payment made by the
assignee of Howe and Bodenschatz. The circuit court
denied the motion, but the Appellate Court, on appeal,
reversed the action of the circuit court and remanded the
cause, with directions to grant the motion and direct ap-
pellant to credit on the judgment in his favor the *pro rata*
of the dividend received by him from the assignee. Ap-
pellant was granted a certificate of importance, and has
perfected this appeal from the judgment of the Appellate
Court.

M. B. AARON, and BLUM, BLUM & ROTHSCHILD, for
appellant.

ESCHENBERG & WHITFIELD, and SAMSON & WILCOX,
for appellees.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the
court:

The appellant had two demands: one against the ap-
pellees and said Howe and Bodenschatz, as co-partners;
the other against Howe and Bodenschatz alone, as co-
partners. He instituted an action of assumpsit in the

circuit court against the appellees to recover against them on the demand due from them and said Howe and Bodenschatz, which he might lawfully do, the severance being permissible for the reason the said Howe and Bodenschatz had made an assignment, as insolvent debtors, under the statutes of the State. In this action appellant recovered a judgment for the full amount due on that demand. The appellant also presented the same demand, together with his other demand against the insolvent debtors only, for allowance against the assignee of said insolvents, and obtained a judgment or order for the total of both of these demands. The dividend received by the appellant from the assignee constituted a payment of twenty per cent upon each dollar of each of these demands, and discharged *pro tanto* the indebtedness against the appellees and said insolvent debtors, for which appellant held a judgment in the circuit court against the appellees for the full amount thereof. The dividend was a payment by the two insolvent members of the original banking co-partnership on a demand against that co-partnership. Appellees were therefore entitled to have the judgment against them reduced to the extent the judgment plaintiff had received payment of the indebtedness for which the judgment was rendered.

The general rule with relation to the application of dividends declared in the settlement of insolvent estates when the claimant has independent or collateral security or a pledge for the security of his claim against the insolvent debtor, to which reference is made in *In re Bates*, 118 Ill. 524, has no application here. The judgment in favor of appellant against the appellees is in no sense standing as security for or as a pledge to secure the payment of the amount which Howe and Bodenschatz alone owed appellant. .

The judgment of the Appellate Court is correct, and must be and is affirmed.                    *Judgment affirmed.*